**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**                         :                Case No. 2:19-cr-38

    **v.**                                             Judge Sarah D. Morrison

                                       :

**THOMAS R. LANE,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion for Compassionate Release. (ECF No. 36.) The Government has filed a Response in Opposition (ECF No. 39), and Defendant has filed a Reply (ECF No. 42). This matter is now ripe for consideration.

**I.**     **BACKGROUND**

On March 20, 2019, Mr. Lane pleaded guilty to a two-count information charging him with a conspiracy to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (ECF No. 16.) On August 20, 2019, Mr. Lane was sentenced to 55 months in prison. (ECF No. 31.) After the Court allowed a delay in his report date, Mr. Lane began serving his sentence at the Elkton Federal Correctional Institution ("Elkton") on September 30, 2019. (ECF No. 35.)

After serving just over nine months of his sentence, Mr. Lane now seeks release to home confinement in order "to take the steps necessary to avoid infection [with COVID-19] that cannot be accomplished" at Elkton. (ECF No. 36, at 4.) Mr. Lane contends that he has asthma

1

and is thus more susceptible to complications should he contract COVID-19. (ECF No. 38, at 5; PSR ¶ 81.) The Government argues that Mr. Lane is not suitable for release. (ECF No. 39.)

**II.     ANALYSIS**

A court may "modify a term of imprisonment once it has been imposed" only under limited circumstances. 18 U.S.C. § 3582(c). One is where a defendant's guideline range has subsequently been lowered by the Sentencing Commission. *Id.* § 3582(c)(2). A second is where "expressly permitted by statute." *Id.* § 3582(c)(1)(B). A third is pursuant to Federal Rule of Criminal Procedure 35. *Id.* Mr. Lane has not invoked any of these three provisions, and none provides a basis to reduce his sentence based on the information presented to the Court.

Section 3582(c)(1)(A) also allows for compassionate release in appropriate circumstances. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). A defendant may only file a motion for compassionate release after having "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after receiving no response from the warden within thirty days, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). It is not clear that Mr. Lane has fulfilled this prerequisite. Mr. Lane's only evidence that he has sought release through the administrative process is a letter from his pastor. (ECF No. 38, at 3.) However, it is "*the defendant*" who must exhaust his administrative rights, not someone on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Regardless, the administrative exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, so it may be waived. *See Alam*, 960 F.3d at 833–34. The Government has not raised any objection to the procedure taken by Mr. Lane in this case, so any procedural objection is waived.

In considering Mr. Lane's motion, the Court must consider the applicable factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). After doing so, the Court may reduce his term of

imprisonment if it finds that it is warranted by "extraordinary and compelling reasons" and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." *Id.*

When determining the appropriate sentence for Mr. Lane, the Court considered the § 3553(a) factors, including the nature and circumstances of the offense. Mr. Lane committed a serious offense involving the trafficking of tens of thousands of oxycodone pills and the concealment of this drug trafficking scheme by assisting in laundering hundreds of thousands of dollars. (PSR ¶¶ 27-28.) This serious offense resulted in a guideline range of 108 months to 135 months. (*Id.* ¶ 94.) The Court significantly departed downward and varied downward to arrive at Mr. Lane's ultimate sentence of 55 months, half of the bottom end of the original guideline range.

Mr. Lane now effectively asks that that sentence be further truncated to just over nine months. The Court finds this request to be inconsistent with the commands of § 3553(a). Modification of Mr. Lane's sentence to such an extent would not reflect the seriousness of his offense, it would not promote respect for the law, it would not constitute just punishment, and it would not afford adequate deterrence to Mr. Lane or to others.

The fact that Mr. Lane has served less than eighteen percent of his sentence is a significant factor in this Court's decision that a sentence reduction is not warranted at this time. *See United States v. Kincaid*, 802 F. App'x 187, 188–89 (6th Cir. 2020) (upholding district court decision denying compassionate release based on amount of time defendant had served). Releasing Mr. Lane at this juncture would undermine the § 3553(a) factors outlined above. *See United States v. Kincaid*, 805 F. App'x 394, 395 (6th Cir. 2020).

The Court also finds that Mr. Lane has failed to demonstrate the requisite "extraordinary and compelling reasons" due to a lack of specificity in his motion. He claims that his asthma renders him particularly vulnerable to COVID-19 but provides no information about his current condition. While the Court accepts that Mr. Lane has a history of asthma and acknowledges the legitimacy of his concerns, he provides no information about whether his asthma is currently medicated, monitored, or controlled. Without this information it is difficult to assess Mr. Lane's real risk of complications should he contract COVID-19.

In addition, Mr. Lane's generalized risk of contracting the virus—even with the elevated risk of severe symptoms—is not enough to justify compassionate release under these circumstances. *See United States v. Murphy*, No. 15-20411, 2020 WL 2507619, at *6 (E.D. Mich. May 15, 2020) (determining that such a generalized risk is not an "extraordinary" or "compelling reason[] justifying compassionate release" (internal quotation marks omitted)). This is particularly true given that the Sixth Circuit has recently examined the conditions at Elkton and concluded that "the BOP [has] responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton." *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020). The court also concluded that the BOP's "measures to prevent the spread of COVID-19" justified the BOP's "failure to make robust use of transfer, home confinement, or furlough" including for medically vulnerable inmates. *Id.* at 844. Mr. Lane fails to explain why his specific situation should be treated differently and why release is warranted for him but not for other medically vulnerable inmates.

Finally, Mr. Lane provides no information about what happens if he is released. He has not indicated where he would be living, with whom he would be living, or how he would be

4

financially supported. These are legitimate concerns that the Court must address, *id.* at 845, but there is no way to do so due to the paucity of information provided by Mr. Lane.

### III. CONCLUSION

Mr. Lane has failed to establish that the § 3553(a) factors warrant a reduction in his sentence or that there exists an extraordinary and compelling reason for his release under the circumstances. The motion is **DENIED**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**